No. 21-3903

# United States Court of Appeals
## For the Eighth Circuit

D. BART ROCKETT, as next friend of his minor children, K.R. and B.R.

*Plaintiff-Appellee*,

v.

THE HONORABLE ERIC EIGHMY,

*Defendant-Appellant*.

**ADDENDUM OF APPELLANT THE HONORABLE ERIC EIGHMY**

Office of the Missouri Attorney General
Supreme Court Building
P.O. Box 899
Jefferson City, Missouri 65102
Phone: 314-340-4869
Fax: 573-751-0774
Michael.Talent@ago.mo.gov

**ERIC S. SCHMITT**
*Attorney General*

Michael E. Talent, CA 322220
*Deputy Solicitor General*

*Attorney for Defendant-Appellant*

Hugh A. Eastwood
7911 Forsyth Blvd., Suite 300
St. Louis, MO 63105

W. Bevis Schock
7777 Bonhomme Ave.
St. Louis, MO 63105

*Attorneys for Plaintiffs-Appellee*

# INDEX OF ADDENDUM

Order dated December 9, 2021 (Doc. 30) ......................................................Add. 1

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **D. BART ROCKETT,**<br>**as next friend of his minor children,**<br>**K.R. and B.R,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**THE HONORABLE ERIC EIGHMY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 6:21-cv-03152-MDH** |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 14). The motion has been fully briefed and is ripe for review.

## BACKGROUND

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against Judge Eighmy, an associate circuit judge in the Circuit Court of Taney County, Missouri, as next friend of his two minor children. This case presents a very unique set of allegations. Judge Eighmy presided over a custody proceeding involving Plaintiff and his two children in Taney County.[1] Plaintiff's current lawsuit alleges Judge Eighmy unlawfully jailed his two minor children for one hour in a Taney County jail and then subsequently issued pick up orders for the children resulting in the children being jailed for two nights in Louisiana. Plaintiff alleges Judge Eighmy's orders, and detention of the children, were done without any findings of contempt, delinquency, probable cause or

[1] Plaintiff also alleges, while not the basis for his cause of action, that Judge Eighmy had a conflict presiding over the custody dispute based on his prior representation of one of Plaintiff's family members in a divorce proceeding before he became a judge.

jurisdiction. As a result, Plaintiff's Complaint alleges that Defendant's actions amount to misconduct that was not judicial in function and lacked jurisdiction.

Specifically, Plaintiff alleges Judge Eighmy personally seized and jailed the two minor children who were neither before him as parties, in contempt, or delinquent. The allegations state that Judge Eighmy then later issued an order for the minor children to be picked up and jailed in Louisiana, in the absence of any personal or UCCJEA jurisdiction, and in violation of the children's due process rights.

Defendant has filed a motion to dismiss Plaintiff's Complaint arguing he is entitled to immunity because his acts were judicial in nature, he had jurisdiction to issue his orders, and Plaintiff lacks capacity to sue as next friend.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a

whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009).

**DISCUSSION**

Here, the Court reviews Plaintiff's allegations, for purposes of analyzing the motion to dismiss, in a light most favorable to Plaintiff. Plaintiff's Complaint presents extremely unique factual allegations and while Defendant's motion argues Judge Eighmy is entitled to abolute immunity for his judicial acts, Plaintiff's Complaint contains allegations against Judge Eighmy that reach beyond judicial immunity regarding the actions taken against the children. Whether or not Plaintiff can actually prevail is not before this Court. Rather, the Court has to review whether Plaintiff has stated a claim to survive a motion to dismiss.

Here, Plaintiff first alleges that Judge Eighmy personally seized and jailed the two minor children, who were not before him as parties, nor in contempt of court, because he wanted to "teach them a lesson" after a proceeding that had taken place in the Taney County courtroom regarding the parents' custody battle. Specifically, after the hearing the children stated their intentions that they would not go with their mother and the Judge, as alleged, wanted to scare the children into compliance and in doing so physically had them escorted to jail and told them to stay there until they had changed their minds. Further, the allegations state that Judge Eighmy subsequently ordered the children to be picked up in Louisiana, resulting in their detention in a Louisiana jail for at least two nights, when the Judge did not have jurisdiction to enter any such order. Plaintiff argues Judge Eighmy decided to initiate, prosecute and adjudicate alleged juvenile delinquency that was never a case or an issue pending before him.

Here, the Court does not determine whether any of these allegations are true. Rather, the Court finds that these allegations plead enough to survive a motion to dismiss for immunity.

Plaintiff cites to two extreme and unique scenairos in which judges have been sued for alleged wrongdoing. First, a Fifth Circuit case that states: "Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)(internal citations omitted). The Fifth Circuit found that "a judge has no immunity (1) for actions taken outside of his judicial capacity, or (2) for actions that are judicial in nature, but occur in the complete absence of all jurisdiction." *Id.*, citing *Mireles v. Waco*, 502 U.S. 9, ——, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Here, Plaintiff alleges Judge Eighmy took actions outside his judicial capacity and also absent jurisdiction.

In *Zarcone v. Perry*, 572 F.2d 52 (2d Cir. 1978), a judge was found liable to a plaintiff when a jury found a judge violated plaintiff's rights under § 1983 when he had plaintiff, a coffee vendor, arrested for selling coffee that tasted "putrid." *Id.* at 53. The appeal to the Second Circuit raised the issue of whether the punitive damages award was excessive but the case involved unusual civil rights allegations against a judge and a jury found in favor of the plaintiff.

Here, the Court finds the allegations, as pled, state a claim that would go beyond dismissal based on immunity. The allegations contained in the complaint are that the judge acted without jurisdiction and outside his judicial role when personally taking the children to jail, then subsequently ordering them picked up in Louisana, when there were no judicial proceedings pending that would allow for this judicial sanction. Whether Plaintiff will be able to ultimately prevail is a question for another day. However, here, based on the allegations contained in the pleadings Plaintiff has stated a claim that judicial immunity may not apply and certainly a claim that cannot be resolved by a motion to dismiss.

Finally, Defendant's motion to dismiss alleging Plaintiff has not been named next friend is also denied. The Court is not ruling on the issue of whether Plaintiff must be formally appointed

as next friend of his minor children.[2] The Court will not dismiss this case based on the alleged capacity of Plaintiff to bring suit on behalf of the minors. However, the record will need to be more fully developed as to whether Plaintiff is required to seek the Court's appointment as next friend and whether there are any issues regarding the representative capacity of Plaintiff with regard to the children based on the underlying custody issues. Again, however, Plaintiff has pled allegations sufficient to survive a motion to dismiss at this preliminary stage of litigation.

## DECISION

Wherefore, for the reasons set forth herein, the Court **DENIES** Defendant's Motions to Dismiss. (Docs. 14).

**IT IS SO ORDERED.**

DATED: December 9, 2021

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

[2] Plaintiff argues that a formal appointment is not required by the Court in this case.