No. 21-3903

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

D. Bart Rockett, as next friend of his minor children, K.R. and B.R.,

*Plaintiff–Appellee*,

v.

The Honorable Eric Eighmy,

*Defendant–Appellant.*

―――――――――――――――

On Appeal from the United States District Court
for the Western District of Missouri
No. 6:21-cv-03152-MDH
Hon. Douglas Harpool

**MOTION OF THE INSTITUTE FOR JUSTICE
FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT
AS AMICUS CURIAE SUPPORTING PLAINTIFF-APPELLEE**

Victoria Clark
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, Texas 78701
Phone:(512) 480-5936
Fax: (512) 480-5937
Email: tclark@ij.org

*Counsel for Amicus Curiae
Institute for Justice*

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), amicus curiae the Institute for Justice respectfully moves this Court for leave to participate in oral argument in this case. Counsel for plaintiff-appellee has consented to yield five minutes of argument time to amicus, and defendant-appellant's counsel is not opposed to amicus's participation.

In support of this motion, amicus states:

1. The Institute for Justice (IJ) is a national, not-for-profit law firm dedicated to upholding individuals' constitutional rights. The foundation of those rights is the ability to hold the government and its officials accountable for conduct that violates them. Accordingly, part of IJ's mission is to remove the various barriers to the enforcement of individual rights.

2. On April 18, 2022, IJ filed an amicus brief in support of plaintiffs-appellees. Amicus's brief explains that this case presents an important question concerning the scope of judicial immunity, which protects judges from nearly all liability for constitutional violations and historically was much narrower than the broad protections courts endorse today.

3. In addition to participating as an amicus in this and other important government-accountability cases, *e.g.*, *Villarreal v. City of Laredo*, 44

Appellate Case: 21-3903    Page: 2    Date Filed: 01/24/2023 Entry ID: 5238845

F.4th 363, 371 (5th Cir. 2022), *vacated for en banc review*, 52 F.4th 265 (5th Cir. 2022) (citing IJ as "a respected national public interest law firm"), IJ represents individuals seeking to hold government officials accountable for rights violations, *e.g., Gonzalez v. Trevino*, 42 F.4th 487 (5th Cir. 2022). Germane to this case, IJ is currently litigating a case in the Fourth Circuit that turns on the application of judicial immunity to a state family-court judge. *Gibson v. Goldston*, No. 22-1757 (4th Cir.).

4. Beyond litigation, IJ publishes original research addressing the problems posed by government immunity doctrines. *E.g.,* Marie Miller, *et. al, Constitutional GPA* (last accessed Sept. 30, 2022), ij.org/GPA; Patrick Jaicomo & Anya Bidwell, *Recalibrating Qualified Immunity: How* Tanzin v. Tanvir*,* Taylor v. Riojas*, and* McCoy v. Alamu *Signal the Supreme Court's Discomfort with the Doctrine of Qualified Immunity*, 112 J. Crim. L. & Criminology (2022).

5. IJ is interested in this case because it raises important questions about accountability for judges—the very people charged with administering justice. As IJ explained in its brief, defendant-appellant's actions are covered by judicial immunity only if the court extends the American doctrine's reach. Yet the American doctrine is itself a

significant expansion of its English common-law ancestor, despite the Supreme Court's assertions to the contrary. Defendant-appellant is thus inviting the court to build even higher on judicial immunity's already-unstable foundations.

6. As amicus, IJ can bring significant experience and expertise to bear on the question presented by this appeal. IJ has litigated numerous cases involving government accountability, including the above-mentioned Fourth Circuit case concerning judicial immunity. IJ can speak in detail on the immunity doctrine's history and evolution to its current form.

7. At the same time, IJ does not seek to interject any issues into this appeal that are not already raised by the parties' briefing. Plaintiff-appellee have argued that judicial immunity does not and should not protect defendant-appellant's conduct. That is the precise issue IJ seeks to address.

8. Amicus's participation at oral argument would not prejudice defendant-appellant. As noted above, amicus does not seek to raise any issue that has not already been raised by the briefing for the parties. Rather, amicus simply seeks to bring additional experience and expertise to bear on the questions that are already presented by this appeal.

3

9. Amicus's participation would not enlarge the time required for oral argument. The Court has allotted 15 minutes to each side for oral argument; plaintiff-appellant has agreed to yield 5 minutes of argument time to amicus.

10. Finally, granting this motion would not affect the oral argument schedule. The Court has set oral argument for February 16, 2023, and counsel for amicus is available during that time.

## CONCLUSION

For the foregoing reasons, amicus respectfully requests that the Court enter an order granting amicus leave to participate in oral argument on time yielded by plaintiff-appellee.

Dated: January 24, 2023

/s/ Victoria Clark
Victoria Clark
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, Texas 78701
Phone: (512) 480-5936
Fax: (512) 480-5937
Email: tclark@ij.org

*Counsel for Amicus Curiae*
*Institute for Justice*

4

# CERTIFICATE OF COMPLIANCE

1. This motion complies with type-volume limits because Fed. R. App. P. 27(d)(2)(a), excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, signature block, certificate of counsel):

   [ X ] this motion contains 667 words.

   [ ] this motion uses a monospaced type and contains [*state the number of*] lines of text.

2. This motion complies with the typeface and type style requirements by Fed. R. App. P. 32(a)(5) and (a)(6) because:

   [ X ] this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14pt Century Schoolbook.

   [ ] this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

3. This document has been scanned for viruses and is virus-free.

Date: January 24, 2023            /s/ Victoria Clark
                                  Victoria Clark

                                  *Counsel for Amicus Curiae*
                                  *Institute for Justice*

# CERTIFICATE OF SERVICE

I hereby certify that this 24th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to any CM/ECF participants.

/s/ Victoria Clark
Victoria Clark

*Counsel for Amicus Curiae*
*Institute for Justice*